# Zellar *v.* Farrand, Appellant.

*Equity—Injunction—Parties—Papers.*

A bill in equity against several defendants prayed that they might be enjoined from using certain papers and drawings, and that they might be ordered to deliver the papers and drawings to the plaintiffs. The evidence showed that two of the defendants retained certain of the papers because of salary and wages due them for services in connection with the papers.   As to the other defendants there was no evidence to connect them in any way with the papers, or with any control over them.   *Held,* that the bill should be dismissed as to these defendants and that a decree should be entered directing the other two defendants, upon payment of their claims, to surrender the papers to the plaintiffs.

Argued Oct. 16, 1908.   Appeal, No. 108, Oct. T., 1908, by defendants, from decree of C. P. No. 5, Phila. Co., March T., 1908, No. 4,878, on bill in equity in case of Frank M. Zeller and the Arcadia & Clifton Heights Railroad Co. v. H. A. Farrand et al. and the Philadelphia Terminal Transfer Railroad Company.   Before Rice, P. J., Porter, Henderson, Morrison and Orlady, JJ.   Reversed in part.

Bill in equity for an injunction.   Before Ralston, J.
The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court.

*W. W. Porter,* of *Porter, Foulkrod & McCullagh,* for appellants.

*Louis B. Runk,* with him *John R. Read, Silas W. Pettit* and *H. B. Gill,* for appellees.

Opinion by Orlady, J., February 26, 1909:

This bill in equity was filed to restrain the defendants from using in any way certain tracings, blue prints, notes and data, which were alleged to be the exclusive property of the plaintiffs, but were secured by the defendants while in the employ of, and

holding a confidential relation to, the plaintiffs. After a hearing, the bill was dismissed as to three of the original defendants and the injunction was made perpetual as to the others.

Separate answers were filed by the defendants and testimony was taken at a hearing which conclusively shows that C. Fitch Bennett, Joseph H. Young, Paul L. Connor, Elwood Johnson, C. L. Peterson, Herbert H. Adams, Martin Van Hardingin and Edward B. Colket, president of the Philadelphia Terminal Transfer Railroad Company, did not have at the time the injunction was issued, or at the time of the hearing, any of the papers described in the bill. It does appear, however, that Farrand and Bennett, two of the above-named defendants, had certain of the papers in their possession, and retained custody of them for the reason stated at the hearing, viz.: that there was due to Farrand, $187, and to Bennett $70.14 as wages, and that when these sums were respectively paid they would willingly surrender the papers held. It is not necessary to pass on the right of these two to hold these papers by virtue of the services they rendered in regard to them and the character of their employment; as the plaintiff insisted on the injunction being made permanent, that phase of the decree is affirmed, but concerning the other named defendants, there being no evidence to connect them in any way with the papers or with any control over them, the decree is reversed, and the bill is dismissed with costs.

The part of the decree is affirmed which directs that upon payment by F. M. Zeller to H. A. Farrand of the sum of $187 claimed by him as salary, and to C. F. Bennett of the sum of $70.14 claimed by him for wages, that they deliver to F. M. Zeller the paper, maps and other matters admitted by them respectively to be in their possession.

There being no evidence to connect the other named defendants in any way with the possession of the papers, or with any control over them, the decree is as to them reversed.